The Honorable Doyle Webb State Senator Post Office Box 1998 Benton, Arkansas 72018-1998
Dear Senator Webb:
This is in response to your request for an opinion concerning the eligibility of an alderman to remain in office. You have set forth the following set of facts:
 An alderman who lives in a particular ward for seventeen years and is elected from that ward, sells his home and moves outside the ward for a limited time until he can purchase or build a new home in the ward he represents. During this time, the alderman makes no less than three offers on a home which would be in his ward, rents a second residence in his ward, maintains his voter registration in his ward, continues to be a qualified elector therefrom, and regularly sees constituents in the ward he represents.
In light of these facts, you have presented the following question:
Is the alderman required to resign his office during this time?
It is my opinion that if the alderman remains "domiciled" in the ward which he represents, then he continues to be qualified to serve. The situs of a person's domicile, however, is a question of fact which this office is neither equipped nor empowered to answer.
"If any duly elected alderman shall cease to reside in the ward from which he was elected, that person shall be disqualified to hold the office and a vacancy shall exist which shall be filled as prescribed by law." A.C.A. § 14-43-310 (1987) (applicable to cities of the first class); A.C.A. § 14-44-103(b)(2) (1987) (applicable to cities of the second class); see also Op. Att'y Gen. 95-401 (copy enclosed). The determinative issue is the construction of the word "reside" as used in the foregoing statutes. In Opinion 92-112, I concluded that whether or not an alderman is a "resident" depends on where the alderman is "domiciled," which is dependent, to some extent, on the alderman's intent as evidenced by his statements and conduct. As previously mentioned, the situs of a person's domicile is a question of fact. See generally Op. Att'y Gen. 97-288 (copy enclosed); 95-401; 92-112. Opinion 92-112 details the factors to be considered in determining domicile and is enclosed for your review. Generally, a person may have two places of residence, as residence simply requires bodily presence, but domicile requires physical presence and an intent to remain there permanently, and as such a person only has one domicile. See Op. Att'y Gen. 97-164.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh